*686 OPINION.
Littleton :
Before it should be held that a taxpayer constructively received income in any taxable year -when he did not, in fact, come into possession of the money or property, it should appear beyond question that the taxpayer, although at liberty, considering the financial requirements, and needs of the corporation, to withdraw the amount due him, deliberately chose not to draw or receive the amount owing by the corporation. As was said by the Board in John A. Brander, 3 B. T. A. 231, “ It was not that the corporation would not pay, but rather that he would not receive. This election to give the corporation the temporary use of the amount was an exercise by him of its enjoyment, and this is one of the primary attributes of income.” The $25,000 in question was not sufficiently available for the decedent’s use to constitute a constructive receipt by him. The theory of constructive receipt of income should not be extended beyond the principle announced by the Board in John A. *687 Brander, supra, and this proceeding is clearly not within the rule announced in that appeal. The fact that the decedent owned practically all of the stock of the corporation had nothing to do with the question whether he received income. The Commissioner argues that “ the Board is wholly without information as to the corporation’s ability to borrow money or to pay it [the bonus] from other sources than its balances of cash held in banks.” The mere fact that a creditor of the taxpayer might borrow sufficient money or sell some of its assets and realize sufficient cash to pay the taxpayer the amount due does not make the taxpayer in receipt of income on the cash basis. We are satisfied from the facts in this proceeding that the $25,000 was not received by the petitioner within the calendar year 1920 within the meaning of the statute and was not, therefore, income for that year.
Judgment will be entered on 15 days’ notice, under Bule 50.
Considered by Smith and Love.